# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HOWARD BECKETT, III,<br>         Appellant, | DOCKET NUMBER<br>AT-1221-22-0236-W-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>         Agency. | DATE: May 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Howard Beckett, III, Sumter, South Carolina, pro se.

Timothy Paul Murphy, Esquire, and Ashley Geisendorfer, Washington, D.C, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied him corrective action in his individual right of action (IRA) appeal. On petition for review, the appellant, among other things, challenges the administrative judge's credibility determinations and accuses the administrative judge of bias. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to supplement the administrative judge's analysis of the contributing factor criterion, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the appellant did not make a protected disclosure, and the appellant offers no sufficiently sound reason to overturn the credibility determinations on which that finding was based.</u>

¶2 The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's challenges to the administrative judge's credibility determinations, which were based on the administrative judge's observation of witnesses' demeanors, do not provide sufficiently sound reasons for overturning those determinations. It was appropriate for the administrative judge to compare the credibility of the agency witnesses who terminated the appellant with that of the appellant—who demonstrated himself to be not credible regarding the significant issue of his reason for not working—and credit the agency witnesses to find that the appellant

did not establish that he made a disclosure to them.[2] *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (stating that, to resolve credibility issues, an administrative judge must, among other things, identify the factual questions in dispute and state which version he believes); Initial Appeal File (IAF), Tab 75, Initial Decision (ID) at 10-11.

¶3     In addition, we agree with the administrative judge that the appellant's other statements in this matter bolster the conclusion that the interaction in which the appellant was allegedly encouraged to commit timecard fraud did not occur. ID at 11.  The appellant stated in his complaint to the Office of Special Counsel (OSC) that, "after [he] completed training for some reason, [he] was not getting cases and had to speak with [his direct supervisor] a lot trying to get cases assigned." IAF, Tab 1 at 8.  He claimed that his direct supervisor encouraged him to commit timecard fraud during those conversations.  *Id.*  On review, the appellant similarly claims that he "never was able to have cases because they couldn't be assigned" and that his supervisor told him in the meantime that "she was stealing and once [he got] cases [he] will be too." Petition for Review (PFR) File, Tab 1 at 4.

¶4     The record contradicts the appellant's assertion that he was never assigned cases.  A document related to the appellant's termination shows that he completed Enumerator training on August 13, 2020, and posted his availability to work on August 14, 16, 17, 18, and 30, 2020.  IAF, Tab 5 at 5.  The appellant confirmed during the hearing that he posted his availability to work on several of those dates on August 12, 2020, before completing training.  IAF, Tab 68, Hearing Recording (HR) Day 1 (testimony of the appellant).  He also testified that, based on his posting of his availability, he received cases to work on those dates.  *Id.*  In a written statement, the appellant's direct supervisor described an email or text message exchange with the appellant on August 14, 2020, the day after he

---

[2] Further, the appellant's attempts to explain his demeanor during the hearing do not demonstrate why any of the factors which he claims affected his demeanor prevented him from testifying credibly.  Petition for Review File, Tab 1 at 5-6.

completed training, in which he stated that he had cases that day, which he ultimately did not complete because, as he later claimed, "he had something to do." IAF, Tab 9 at 39. Because the appellant was assigned cases to work promptly after completing training, it is not credible that he would have had the discussions with his supervisor about lacking cases in which he was allegedly encouraged to commit fraud. We therefore agree with the administrative judge that the appellant did not establish that his direct supervisor ever encouraged him to commit fraud, and that he thus did not establish that he made a disclosure protected under 5 U.S.C. § 2302(b)(8).

<u>The administrative judge correctly found that, even if the appellant did make a protected disclosure, he did not establish that it was a contributing factor in his termination.</u>

¶5          The administrative judge found in the alternative that, even if the appellant did make a protected disclosure, he did not establish that it was a contributing factor in his termination. ID at 11 n.10. In so concluding, the administrative judge explained, among other things, that the officials who terminated the appellant credibly testified that they were unaware of his fraud allegation, that the appellant thus did not meet the knowledge/timing test, and that the agency's reasons for terminating the appellant, namely his nonperformance of work and refusal to participate in a performance observation, were overwhelmingly strong. *Id.* We agree.

¶6          Nevertheless, the Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as, in addition to evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). The administrative judge only considered the first of these factors, so we address the

remainder here. As further evidence of lack of contributing factor, the appellant's fraud allegation was personally directed at his direct supervisor and not at the officials responsible for his termination, and there is no credible indication that those officials had any desire or motive to retaliate against him. We find the appellant's speculative testimony that the officials responsible for his termination "had to sign off" on falsified timecards due to the scale of the alleged fraud unpersuasive. IAF, Tab 72, HR Day 2 (testimony of the appellant). We thus conclude, considering all of the *Dorney* factors, that even if the appellant did make a protected disclosure, he did not establish that it was a contributing factor in his termination.

The appellant's additional claims on review do not warrant disturbing the initial decision.

¶7      The appellant claims that the administrative judge was biased against him due to his personal appearance and accent. PFR File, Tab 1 at 4, 6, 11, 14. In making a claim of bias against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party must show that any such bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before him. *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 7 (2005). Moreover, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Our review of the record does not reveal any such extrajudicial conduct, deep-seated favoritism, or antagonism on the administrative judge's part. The appellant's claims of bias, which are merely speculative, thus do not

overcome the presumption of honesty and integrity that accompanies an administrative judge.

¶8        Finally, despite the appellant's discussion of the administrative judge's denials of his motion to compel discovery, motion to sanction the agency, and motions to disqualify or exclude the agency's representative, PFR File, Tab 1 at 4, 6, 8-9, 11-14, we discern no abuse of discretion in those rulings in our review of the record, leaving us no reason to disturb them. *See Social Security Administration v. Levinson*, 2023 MSPB 20, ¶ 53 (stating that the Board will not reverse an administrative judge's determination regarding sanctions absent an abuse of discretion); *Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (stating that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion); *White v. Department of the Air Force*, 71 M.S.P.R. 607, 613 (1996) (stating that the Board may not disqualify an agency's representative on any basis not provided for at 5 C.F.R. § 1201.31(b) (conflict of interest or conflict of position)).[3]

---

[3] It appears that the agency executed a purported correction of the appellant's termination Standard Form 50 at some point by canceling his termination and replacing it with a resignation. PFR File, Tab 1 at 14; IAF, Tab 39 at 11. Neither the agency nor the administrative judge addressed this fact. Nevertheless, we find the cancelation of the appellant's termination immaterial to the disposition of this appeal. The appellant exhausted the issue of his separation from the agency with OSC, IAF, Tab 1 at 14-19, a cancelation of the termination would not moot the appeal because of the remaining damages issue, and however the appellant's separation is characterized, we agree with the administrative judge that the appellant did not establish a prima face case of whistleblower reprisal.

The appellant claims that his third-level supervisor "implied" during the hearing that she terminated him partly because he helped someone file an equal employment opportunity (EEO) complaint. PFR File, Tab 1 at 4. It does not appear that the appellant exhausted a claim of retaliation for assisting another employee with an EEO complaint under 5 U.S.C. § 2302(b)(9)(B) with OSC. *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (stating that the Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC); IAF, Tab 1 at 14-19, Tab 6 at 11-17. The administrative judge thus found that the only issue within the Board's jurisdiction was the appellant's claim that the agency terminated him after he disclosed that his first-level supervisor encouraged him to commit timecard

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

fraud. IAF, Tab 10. We find no reason to disturb this ruling.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.